UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN L. SMITH,<br><br>        Plaintiff,<br><br>        v.<br><br>HALEY CURRIE, et al.,<br><br>        Defendants. | Civil Action No. 22-cv-11321-AK |

**ORDER**

**A. KELLEY, D.J.**

Self-represented plaintiff Steven L. Smith, a pretrial detainee confined at the Suffolk County Jail and House of Correction, has filed a complaint against a clerk of this Court, two state trial court clerks, and a correctional officer. [ECF No. 1]. According to Smith, all the defendants are preventing him for pursing civil claims related to the criminal proceeding against him. He claims that the clerks have failed to respond to his many letters and requests regarding service of summonses and complaints. Smith further alleges that a correctional officer has mishandled his mail, preventing Smith to effect service by certified mail.

Smith filed a "Request for Exigent Restraining Order" and a memorandum in support thereof with this complaint. [ECF Nos. 2, 3]. He asserts in the motion that he is "being stonewalled by all the clerks of the courts." [ECF No. 2 at 6]. Smith wants "to serve the parties the complaint and summons" and to have his "actions addressed not ignored until dismissal. [Id.] He asks the Court, "Please order them to do so." [Id.]

The Court interprets Smith's motion as a motion for a temporary restraining order. Federal Rule of Civil Procedure 65 sets forth the requirements for a temporary restraining order:

> (b) Temporary Restraining Order
>
> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

In this case, Smith has not alleged that any "immediate and irreparable" harm will occur before the defendants can be heard in opposition to the motion. Further, Smith has not certified his efforts to give notice to the defendants of his motion for emergency relief or explained why such notice should not be required. Smith's failure to meet the requirements of Fed. R. Civ. P. 65(b) provides sufficient ground for denial of a motion for a temporary restraining order.

Accordingly, the motion for a temporary restraining order [ECF No. 2] is DENIED.

**IT IS SO ORDERED.**

September 2, 2022                                     /s/ Angel Kelley
                                                                ANGEL KELLEY
                                                                U.S. DISTRICT JUDGE